Atkinson v. Townley.

[388]        ATKINSON v. TOWNLEY.

The fact of corruption or unfairness on the part of arbitrators, as constituting a ground for vacating their award, should be clearly proved; the uncorroborated assertion of the party against whom their report is made, is insufficient.

_____

This was a motion to set aside the award of arbitrators.

*Woodruff*, for the defendant, read the affidavit of Townley, who stated he came "into the room, and found Atkinson alone with one of the referees, and his books and papers opened before the referee; that he complained to the referee of it, who answered," &c. This was the only evidence adduced to prove the corruption or unfairness alleged.

In answer to this, it appeared, by the affidavit of Atkinson, that if such a thing did happen, it occurred at a meeting of the referees, and at the time when they finally made up

Upper Alloways Creek v. Elsinborough.

their report. He denied having shown to the referee any book or paper not before exhibited in evidence. He stated he had no recollection of having shown him any paper when alone, and, if it was so, it must have been when the other referees were, for an instant, out of the room. He did not remember anything about a complaint from Townley.

The referee implicated, also swore that no papers or other evidence were laid before him, *ex parte*, and, to the best of his recollection, contradicted the facts stated by Townley.

PER CUR. This is a motion to set aside an award, on the ground that one of the referees admitted an *ex parte* hearing.

It appears the referees had met in the performance of their business; both parties had access to them. The affidavits of Atkinson and the referee negative the idea of secrecy, and, " as far as they can remember," deny the very facts sworn by Townley. The affidavit of the defendant, on the face of it, does not raise more than a suspicion—certainly, does not prove partiality or corruption. Awards should not be set aside on the suspicion of the interested party. If the affidavit had been full and explicit, we do not think the uncorroborated affidavit of the party against whom the award is given, would be sufficient to justify us in setting it aside.

Rule discharged, with costs.·

CITED *in N. J. R. R. & T. Co.* v. *Suydam*, 2 *Harr.* 63.